NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ARTHUR DIXON SEALE, | : | |
| Petitioner, | : | Civ. No. 04-3830 (GEB) |
| v. | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM OPINION** |
| Respondent. | : | |

**BROWN, District Judge**

    This matter comes before the Court upon the motion of *pro se* Petitioner, Arthur Dixon Seale ("Petitioner"), to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 and Respondent the United States of America's ("the Government") motion to dismiss the petition. Having decided the matter based on the parties' submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons set forth in this Memorandum Opinion, the petition is denied and dismissed with prejudice.

**I.    BACKGROUND**

    On September 8, 1992, Petitioner plead guilty to seven counts relating to the kidnapping and death of Exxon executive Sidney Reso. (Pet.'s May 20, 2005 Br. at 2). On November 30, 1992, the Court sentenced Petitioner to a term of ninety-five years imprisonment and imposed a $1.75 million fine. (Def.'s Br. at 2). On December 8, 1992, Petitioner filed a notice of appeal contesting the

sentence and fine.  The Third Circuit affirmed the prison term on April 7, 1994, but vacated and remanded the fine.  (*Id.*).  Thereafter, the Court adjusted the fine, and Petitioner did not file any subsequent appeals.  (*Id.*).

On August 9, 2004, Petitioner filed the instant motion pursuant to 28 U.S.C. § 2255 to vacate, correct or set aside his sentence.  Petitioner argues that the Court improperly enhanced his sentence on the basis of facts neither submitted to a jury nor proven beyond a reasonable doubt,  in violation of the Supreme Court's holding in *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (2005).  (Pet.'s May 20, 2005 Br. at 3-11).  An Order was entered on April 18, 2005, advising Petitioner of his rights under *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999).  In response, Petitioner requested to withdraw his petition and file a revised petition on or around May 24, 2005.  The Government filed a motion to dismiss the petition on September 12, 2005.

**II.   DISCUSSION**

Petitioner relies on *Blakely* and *Booker* in support of his proposition that his sentence enhancement violates his Sixth Amendment right to trial by jury, because the facts supporting this enhancement were neither admitted by Petitioner nor found by a jury.  Because Petitioner was sentenced under the Federal Sentencing Guidelines, Petitioner's claim must be analyzed under the Supreme Court's recent holding in *United States v. Booker*, 125 S.Ct. 738 (2005).

Applying *Blakely* to the Federal Sentencing Guidelines, the Supreme Court held in *Booker* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be

admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* at 756. The Third Circuit recently held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* issued." *Lloyd v. United States*, 407 F.3d 608, 616 (3d. Cir. 2005).

In the present case, Petitioner appealed his sentence to the Third Circuit on December 8, 1992, and the court affirmed his conviction on April 7, 1994. Petitioner did not file a writ of certiorari in the Supreme Court. Thus, judgment in Petitioner's criminal case became final ninety days after April 7, 1994. *See Kapral v. United States*, 166 F.3d 565, 570-71 (3d. Cir. 1999) (noting that a "defendant has 90 days from the date on which the court of appeals affirms the judgment of conviction to file a petition for a writ of certiorari" and "if a defendant does not file a certiorari petition, the judgment of conviction does not become 'final' until the time for seeking certiorari review expires"). Therefore, judgment of Petitioner's criminal conviction and sentencing became final well before the issuance of *Booker*. Consequently, *Booker* does not apply and Petitioner's argument fails.

### III.   CONCLUSION

Accordingly, Petitioner's motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 is denied and the Government's motion to dismiss is granted. An appropriate form of Order accompanies this Memorandum Opinion.

Date:   December 12, 2005

                                             s/ Garrett E. Brown, Jr.
                                             GARRETT E. BROWN, JR., U.S.D.J.